**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

NORLAN ALEXIS ZEPEDA OCHOA,
by and through his next friend,
JOSE MONGE,

          Petitioner,

v.                               CIVIL ACTION NO.  3:26-cv-00407

DAVID VENTURELLA, et al.,

          Respondents.

**ORDER**

The Court has reviewed the Petitioner's *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* (Document 1) and the *Motion for Immediate Order to Show Cause and Immediate Order Preventing Removal or Transfer of Petitioner Pending Disposition of Petition* (Document 4), filed on June 16, 2026.  The Petitioner, Norlan Alexis Zepeda Ochoa, by and through his next friend, Jose Monge, alleges that the Respondents have unlawfully caused him to be confined in civil immigration detention following a traffic stop the morning of Tuesday, June 16, 2026.  He asserts that his detention is unlawful and in violation of the Due Process Clause of the Fifth Amendment of the United States Constitution.

Finding that the Petitioner's claims warrant prompt review, the Court **ORDERS** that:

1.  The *Motion for Immediate Order to Show Cause and Immediate Order Preventing Removal or Transfer of Petitioner Pending Disposition of Petition* (Document 4) be **GRANTED**.

2. The Respondents **SHALL NOT** remove or facilitate the removal of the Petitioner from the Southern District of West Virginia pending further order of the Court. To the extent the Petitioner has already been removed from this jurisdiction, the Respondents shall not transport the Petitioner to a geographically further location or remove the Petitioner from the United States pending further order of the Court.

3. The Petitioners **SHALL** serve this Order on the United States Attorney for the Southern District of West Virginia by **4:00 p.m., on June 16, 2026**, which shall constitute good and sufficient service on the federal defendants.

4. The Respondents **SHALL IMMEDIATELY** investigate the circumstances of the Petitioner's detention upon receipt of service of the Petition. The Respondents **SHALL** file a written response to **SHOW CAUSE**, if any, as to why the Petition should not be granted, no later than **3:00 p.m., on Wednesday, June 17, 2026.** The response shall indicate whether the Respondents have a good faith basis to assert that they will present arguments in this case that have not previously been considered and rejected by this Court,[1] and shall include any argument or objection related to jurisdiction or venue.

---

[1] *See, e.g. Rasul Umarov v. Christopher Mason, et al.*, Civil Action No. 2:26-cv-81, 2026 WL 381614 (S.D. W. Va. Feb. 11, 2026) (Berger, J), *Eduardo Tinajero Rodriguez v. Christopher Mason, et al.*, Civil Action No. 2:26-cv-122, 2026 WL 510426 (Feb. 24, 2026) (Berger, J.); *Antony Segundo Larrazabal-Gonzalez v. Christopher Mason, et al.*, No. 2:26-cv-49, Mem. Op. (S.D. W. Va. Jan. 28, 2026) (Goodwin, J.); *Briceno Solano v. Mason*, No. 2:26-cv-00045, 2026 WL 311624, at *19 (S.D. W. Va. Feb. 4, 2026) (Johnston, J.); *Alberto Jose Simanca Gonzalez v. Carl Aldridge, et al.*, No. 3:26-cv-55, 2026 WL 313476 (S.D. W. Va. Feb. 5, 2026) (Chambers, J.); *Yuri Jhoana Gutierrez Aroca and Arley Cabrera Valenzuela v. Christopher Mason, et al.*, No. 2:26-cv-57 (S.D. W. Va. Feb. 9, 2026) (Goodwin, J.). Judge Goodwin issued an opinion warning the Respondents against the continued arrest and detention of individuals without individualized custody determinations in violation of the Due Process Clause of the Fifth Amendment as found by all four district court judges to consider these matters in this district. *Miguel Antonio Dominguez Izaguirre v. Christopher Mason, et al.*, No. 2:26-cv-121, 2026 WL 561235 (S.D. W. Va. Feb. 27, 2026) (Goodwin, J.).

2

5. In the event the Respondents object based on venue or jurisdiction or otherwise contend that they have a good faith basis to assert arguments this Court has not previously rejected, any reply by the Petitioner shall be due within **24 hours** of the filing of the Respondents' brief.

6. Upon receipt of this Order, Respondents shall promptly ensure that all of the Petitioner's property seized incident to detention, including any vehicle(s), is accounted for and can be immediately made available to the Petitioner at the time of his release in the event the Petitioner is released.

7. Respondents shall **FORTHWITH, IMMEDIATELY, AND IN NO EVENT LATER THAN Tuesday, June 16, 2026**, afford Petitioner a reasonable opportunity to confidentially consult with counsel and shall take all necessary steps to facilitate such communication.  Respondents shall facilitate phone calls with counsel within 24 hours of a request, or within 4 hours for calls designated by counsel as urgent and time sensitive.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record, to Matthew C. Lindsay, Chief of the Civil Division of the U.S. Attorney's Office for the Southern District of West Virginia, and to any unrepresented party.

ENTER:      June 16, 2026

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

3